UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEPHANIE S. ROBINSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-166 |
| | § | |
| CAROLYN W COLVIN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Summary Judgment (Dkt. 9) and Defendant's Motion for Summary Judgment (Dkt. 11). After reviewing the motions, relevant authority, and a complete transcript of the administrative record (Dkt. 7), the Court will deny Plaintiff's motion and grant Defendant's motion. The reasons for this ruling are explained below.

## Background

Plaintiff Stephanie S. Robinson ("Robinson") was forty-nine years old when she filed for disability benefits. Prior to filing in 2013, Robinson, a high school graduate, had worked as an insurance agent, loan officer, and bank teller. She has not worked since filing for benefits in 2013. Robinson claims that she became disabled within the meaning of the Social Security Act on April 22, 2013. Robinson argues that her disability results from a combination of impairments, including pain, neuropathy, radiculopathy from back pain, headaches, ischemic heart disease, depression, and anxiety. Robinson filed a Title II application for Supplemental Security Income ("SSI") payments. It appears that

Robinson was insured for purposes of Disability Insurance Benefits ("DIB"); it further appears that both Robinson and the Social Security Administration ("SSA") treated her SSI application as one for DIB. *See* Dkt. 10, p. 3; Dkt. 11, p. 1.

The SSA denied Robinson's application at both the initial and reconsideration levels. She requested a hearing by the Office of Disability Adjudication and Review. Administrative Law Judge ("ALJ") Donald J. Willy held the hearing on January 13, 2015. Robinson, represented by counsel, testified. Two medical experts and a vocational expert ("VE") also testified.

The ALJ entered an "Unfavorable" decision, finding that Robinson was not disabled within the meaning of the Social Security Act (the "Act"). In doing so, he found the following: (1) Robinson had not engaged in substantial gainful activity since April 22, 2013; (2) Robinson's severe impairments include peripheral neuropathy, migraine headaches, high blood pressure, shortness of breath, spondylosis, depression, and anxiety; (3) no impairment or combination of these impairments met the severity of the 20 C.F.R. Part 404 listed impairments; (4) Robinson has the residual functional capacity ("RFC") to perform light work with some restrictions and with sitting or standing as needed; and (5) considering Robinson's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Dkt. 7-3, p. 58. Robinson timely sought judicial review with this Court. She cites two errors in the ALJ's decision that require the Court to remand: (1) the ALJ erred as a matter of law by failing to specify the maximum amount of time that Robinson could sit, stand, or

walk during a workday; and (2) the ALJ failed to consider the opinion of McCall McPhersan, PA-C, in violation of Fifth Circuit precedent.

## Standard of review

### A. Summary judgment standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmovant then bears the burden to identify specific evidence in the record and to articulate the precise manner in which that evidence establishes the existence of a genuine dispute of material fact. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998).

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.) (citing *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir.1991)), cert, denied, 506 U.S. 825 (1992).

Here, the parties have filed cross-motions for summary judgment. Although cross-motions for summary judgment must be considered separately, the court may enter summary judgment if there are no genuine fact issues, "and one of the parties is entitled

to prevail as a matter of law[.]" *House v. Quarterman*, No. CIV.A. H-07-3248, 2008 WL 896220, at *1 (S.D. Tex. Apr. 2, 2008) (quoting *Shaw Constructors v. ICF Kaiser Engineers, Inc.*, 395 F.3d 533, 538-39 (5th Cir.2004)).

## B. Judicial review under the Social Security Act

Here, the Court's review is limited to determining: (1) whether the final decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standards to evaluate the evidence. *See Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 561 (5th Cir. 2005)). Evidence is substantial if a reasonable mind might accept it as adequate to support a conclusion. *Id.* It is "more than a mere scintilla and less than a preponderance." *Id.*

The Court must scrutinize the record for the presence of substantial evidence. *Perez*, 415 F.3d at 461.[1] In doing so, the Court considers the following factors: "(1) objective medical evidence; (2) diagnoses and opinions; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at 462 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). Findings that are supported by substantial evidence are conclusive. *Perez*, 415 F.3d at 461. The Court must affirm these findings. *Id.* Alternatively, "a finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the

---

[1] As required by Social Security Act, the Commissioner electronically filed "a certified electronic copy of the transcript of the administrative proceeding in this case, in accordance with section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)." 42 U.S.C. § 405(g); Dkt. 7. The transcript contains approximately sixty-three exhibits and 900 pages of evidence. *Id.*

decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). In scrutinizing the record, the Court may not "reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner." *Meyer v. Colvin*, Civil Action No. 4:14-116, 2014 WL 5305858, at *5 (S.D. Tex. Oct. 15, 2014) (citing *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007)).

## Applicable Law

Under the Act, a claimant who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months" is characterized as disabled. 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determining a claimant's disability status:

> (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015.

## Discussion

In the fourth step of the sequential evaluation process, the ALJ found that Robinson has the RFC to perform light work (with some limitations) and "with a sit and stand option as needed" under 20 CFR 404.1520(e). Dkt. 7-3, p. 55.

The fourth step required the ALJ to identify Robinson's functional limitations and restrictions and assess her abilities on a function-by-function basis. SSR 96-8P(4). These functions can be physical (such as sitting, standing, walking, or lifting); mental (such as understanding, remembering, or carrying out instructions); or other types of functions (such as skin impairment, epilepsy, visual impairment). The ALJ determined that:

> [Robinson has] the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with no heights, ropes, ladders, or scaffolds and with a sit and stand option as needed; with a capacity for simple job instructions, no public contact or crowded places, occasional contact with supervisors and coworkers, not working in a team, with occasional supervision, with no fast-paced production, no heights, no commercial diving, no machinery, and no excessive heat.

Dkt. 7, p. 62. The ALJ, weighing the VE's testimony, then identified several jobs that Robinson could perform: mailroom clerk, housekeeper, office helper.

Robinson argues that "the ALJ made no specific findings with respect to Plaintiff's maximum ability to sit, stand and/or walk during the course of a workday." Dkt. 10, p. 8. According to Robinson, the RFC as written would permit her to sit for the entire workday. Therefore, according to Robinson, the ALJ should have found a "sedentary," rather than "light" exertional level of work, and a disability determination should have resulted. In support, Robinson cites SSR 83-12, which explains as follows:

SPECIAL SITUATIONS

1. *Alternate Sitting and Standing*

In some disability claims, the medical facts lead to an assessment of RFC which compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing....

> Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work ... or the prolonged standing or walking contemplated for most light work .... Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

SSR 83-12.

First, the sit/stand provision contained in SSR 83-12 is limited to "some" cases. *Id.* More importantly, "SSR 83-12 does not automatically dictate a finding of disability where an individual is limited by a sit/stand option. Rather, SSR 83-12 indicates that a VE should be consulted ...." *Warren v. Astrue*, Civil Action No. 6:09-CV-417, 2011 WL 3444268, at *2 (E.D. Tex. Aug. 5, 2011) (quoting *Martin v. Barnhart*, 240 F. App'x 941, 946 (3d Cir. 2007)). Here, like in *Martin*, a VE (vocational expert) was consulted. Dkt. 7-3, p. 62, 64, 100.

Robinson interprets the ALJ's finding as allowing her to sit or stand for an entire eight-hour shift. The Court finds that the ALJ's decision does not demand such a labored interpretation. The sit/stand option can be viewed in terms of both frequency and duration. The ALJ's decision—informed by the VE's testimony—to include a sit/stand option "as needed" does not invite the contemplation of a scenario in which Robinson would need to sit or stand for an entire shift. Contrary to Robinson's argument, therefore, the ALJ made a sufficiently "specific finding[] with respect to [her] ability to sit, stand, and/or walk during the course of a workday." *See* Dkt. 10, p. 8.

Robinson further argues that the ALJ failed to consider the opinion of certified physician assistant McCall McPherson, who provided a mental status report and opinion.

Robinson argues that, "The ALJ's decision does not even mention Ms. McPherson's opinion, much less evaluate it with respect to the § 404.1527 factors." Dkt. 10, p. 17.

The ALJ noted that he "considered the evidence of record in its entirety even if not specifically mentioned in this decision. Specific evidence which is not discussed is either not relevant to the decision, supports the decision, or if not supportive was incorporated into a discussion of similar exhibits." Dkt. 7-3, p. 51. Even so, both the hearing transcript and the ALJ's decision show that medical opinions supporting Robinson's claim of disability were considered. *See* Dkt. 10, p. 19 ("Ms. McPherson's [sic] opinion is also consistent with that of Plaintiff's treating primary care physician, Dr. Leal, who submitted a medical source statement on January 14, 2014."); *see also* Dkt. 7-3, p. 86 (ALJ and medical expert discussing Dr. Leal's report); *id.* at 56.[2] Accordingly, the Court disagrees with Robinson's assertion that the ALJ ignored a portion of the record.

The Court has considered the objective medical evidence presented in the record; the various diagnoses and opinions of those treating or evaluating Robinson; (3) Robinson's testimony of intense pain, multiple ailments, and the inability to work; and (4) the Robinson's age (forty-nine years, ten months at the time of filing), education (high school graduate), and work history (insurance agent, loan officer, bank teller). Having considered these factors, the Court finds that the ALJ evaluated the evidence using the

---

[2] "Dr. Oquejiofor [medical expert 1] testified that he disagreed with the physical residual functional capacity assessment from the claimant's treating physician (15F). He said that this physician indicated the claimant could do ... amounts of sitting, standing, and walking. He said this is not supported by the objective medical records. Likewise, the undersigned has considered the mental residual functional capacity from the same treating physician (16F). Again, his conclusions are not supported by the objective medical evidence and Dr. Tarrand's [medical expert 2] testimony."

proper legal standards. The Court further finds that the ALJ's final decision is supported by substantial evidence in the record.

## Conclusion

Robinson has failed to show any material fact issue as to why the Commissioner is not entitled to prevail as a matter of law. For these reasons, and for the reasons discussed above, Plaintiff's motion is **DENIED** and Defendant's motion is **GRANTED**.

SIGNED on August 14, 2017 at Galveston, Texas.

George C. Hanks, Jr.
United States District Judge